**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **TRANSCEND SHIPPING SYSTEMS, LLC,** | **CIVIL ACTION NO. 6:21-cv-0018-ADA** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | **PATENT CASE** |
| **CMA CGM (AMERICA) LLC AND CMA CGM S.A.,** | |
| Defendant. | |

### DEFENDANTS CMA CGM (AMERICA) LLC AND CMA CGM S.A.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants CMA CGM (America) LLC ("CMA America") and CMA CGM S.A. ( "CMA S.A.," collectively, "CMA") file this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Transcend Shipping Systems LLC's ("Plaintiff" or "Transcend") Complaint for Patent Infringement ("Complaint"). CMA denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES

1.      CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2.      CMA admits that CMA CGM S.A. exists under the laws of France. CMA's principal office is located at Boulevard Jacques Saade, 4 quai d'Arenc 13235 Marseille Cedex 02, France. CMA denies the remaining allegations in Paragraph 2 of the Complaint.

---

[1] For avoidance of doubt, CMA denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

3.      CMA admits that CMA CGM (America) LLC is a limited liability company organized and existing under the laws of the State of New Jersey with its principal office at 5701 Lake Wright Drive, Norfolk, Virginia 23502. CMA also admits that CMA CGM (America) maintains an office at 15350 Vickery Drive, Houston, Texas 77032

## JURISDICTION AND VENUE

4.      CMA denies the allegations in Paragraph 4 of the Complaint.

5.      CMA denies the allegations in Paragraph 5 of the Complaint.

6.      CMA denies the allegations in Paragraph 6 of the Complaint.

7.      CMA denies the allegations in Paragraph 7 of the Complaint.

8.      CMA denies the allegations in Paragraph 8 of the Complaint.

9.      CMA admits that CMA SA is not a resident of the United States. CMA denies the remaining allegations in Paragraph 9 of the Complaint.

## PATENTS-IN-SUIT

10.      CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11.      CMA denies the allegations in Paragraph 11 of the Complaint.

12.      CMA denies the allegations in Paragraph 12 of the Complaint.

13.      CMA admits that on the face of the attached purported copies of U.S. Patent No. 7,253,731 ("the '731 Patent"); 7,482,920 ("the '920 Patent"); 9,847,029 ("the '029 Patent"); 10,181,109 ("the '109 Patent"); and 10,796,268 ("the '268 Patent") (collectively referred to as "the Patents-in-Suit"), the filing date of the related Provisional application No. 60/263,877 indicates January 23, 2001. CMA denies the remaining allegations in Paragraph 13.

14.      CMA denies infringement as alleged in Paragraph 14 of the Complaint.

15.     The content of the '731 Patent speaks for itself, and Paragraph 15 contains no allegations that require a response. To the extent any response is required, CMA denies that the claims of the '731 Patent comprise any "invention."

16.     The content of the '920 Patent speaks for itself, and Paragraph 16 contains no allegations that require a response. To the extent any response is required, CMA denies that the claims of the '920 Patent comprise any "invention."

17.     The content of the '029 Patent speaks for itself, and Paragraph 17 contains no allegations that require a response. To the extent any response is required, CMA denies that the claims of the '029 Patent comprise any "invention."

18.     The content of the '109 Patent speaks for itself, and Paragraph 18 contains no allegations that require a response. To the extent any response is required, CMA denies that the claims of the '109 Patent comprise any "invention."

19.     The content of the '268 Patent speaks for itself, and Paragraph 19 contains no allegations that require a response. To the extent any response is required, CMA denies that the claims of the '268 Patent comprise any "invention."

20.     CMA denies the allegations in Paragraph 20 of the Complaint.

21.     CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.     CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23.     CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24.     CMA denies the allegations in Paragraph 24 of the Complaint.

25.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28.    CMA denies the allegations in Paragraph 28 of the Complaint.

29.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.    CMA denies the allegations in Paragraph 32 of the Complaint.

33.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

36.    CMA denies the allegations in Paragraph 36 of the Complaint.

37.    CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38.     CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.     CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.     CMA denies the allegations in Paragraph 40 of the Complaint.

41.     CMA denies the allegations in Paragraph 41 of the Complaint.

42.     CMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

**ACCUSED INSTRUMENTALITIES**

43.     CMA denies the allegations in Paragraph 46 of the Complaint.

**COUNT I**

**([Alleged] Infringement U.S. Patent No. 10,181,109)**

44.     CMA incorporates by reference each of its responses set forth in Paragraphs 1-43 above as if fully set forth herein.

45.     CMA admits that it has been on notice of the '109 Patent since the filing of this Original Complaint, but denies that it has committed, contributed to, or induced acts of patent infringement.

46.     CMA denies the allegations in Paragraph 46 of the Complaint.

47.     CMA denies the allegations in Paragraph 47 of the Complaint.

48.     CMA denies the allegations in Paragraph 48 of the Complaint.

49.     CMA denies the allegations in Paragraph 49 of the Complaint.

50.     CMA denies the allegations in Paragraph 50 of the Complaint.

51.     CMA denies the allegations in Paragraph 51 of the Complaint.

52.     CMA denies the allegations in Paragraph 52 of the Complaint.

53.     CMA denies the allegations in Paragraph 53 of the Complaint.

54.     CMA denies the allegations in Paragraph 54 of the Complaint.

55.     CMA denies the allegations in Paragraph 55 of the Complaint.

56.     CMA denies the allegations in Paragraph 56 of the Complaint.

57.     CMA denies the allegations in Paragraph 57 of the Complaint.

58.     CMA denies the allegations in Paragraph 58 of the Complaint.

59.     CMA denies the allegations in Paragraph 59 of the Complaint.

60.     CMA denies the allegations in Paragraph 60 of the Complaint.

## COUNT II

## ([Alleged] Infringement U.S. Patent No. 9,847,029)

61.     CMA incorporates by reference each of its responses set forth in Paragraphs 1-60 above as if fully set forth herein.

62.     CMA admits that it has been on notice of the '029 Patent since the filing of this Original Complaint, but denies that it has committed, contributed to, or induced acts of patent infringement.

63.     CMA denies the allegations in Paragraph 66 of the Complaint.

64.     CMA denies the allegations in Paragraph 67 of the Complaint.

65.     CMA denies the allegations in Paragraph 68 of the Complaint.

66.     CMA denies the allegations in Paragraph 69 of the Complaint.

67.     CMA denies the allegations in Paragraph 70 of the Complaint.

68.     CMA denies the allegations in Paragraph 71 of the Complaint.

69.     CMA denies the allegations in Paragraph 72 of the Complaint.

70.     CMA denies the allegations in Paragraph 73 of the Complaint.

71.     CMA denies the allegations in Paragraph 74 of the Complaint.

72.    CMA denies the allegations in Paragraph 75 of the Complaint.

73.    CMA denies the allegations in Paragraph 76 of the Complaint.

74.    CMA denies the allegations in Paragraph 77 of the Complaint.

75.    CMA denies the allegations in Paragraph 78 of the Complaint.

76.    CMA denies the allegations in Paragraph 79 of the Complaint.

77.    CMA denies the allegations in Paragraph 80 of the Complaint.

## COUNT III

### ([Alleged] Infringement U.S. Patent No. 7,482,920)

78.    CMA incorporates by reference each of its responses set forth in Paragraphs 1-77 above as if fully set forth herein.

79.    CMA admits that it has been on notice of the '920 Patent since the filing of this Original Complaint.

80.    CMA denies the allegations in Paragraph 83 of the Complaint.

81.    CMA denies the allegations in Paragraph 84 of the Complaint.

82.    CMA denies the allegations in Paragraph 85 of the Complaint.

83.    CMA denies the allegations in Paragraph 86 of the Complaint.

84.    CMA denies the allegations in Paragraph 87 of the Complaint.

85.    CMA denies the allegations in Paragraph 88 of the Complaint.

86.    CMA denies the allegations in Paragraph 89 of the Complaint.

87.    CMA denies the allegations in Paragraph 90 of the Complaint.

88.    CMA denies the allegations in Paragraph 91 of the Complaint.

89.    CMA denies the allegations in Paragraph 92 of the Complaint.

90.    CMA denies the allegations in Paragraph 93 of the Complaint.

91.    CMA denies the allegations in Paragraph 94 of the Complaint.

92.     CMA denies the allegations in Paragraph 95 of the Complaint.

93.     CMA denies the allegations in Paragraph 96 of the Complaint.

94.     CMA denies the allegations in Paragraph 97 of the Complaint.

95.     CMA denies the allegations in Paragraph 98 of the Complaint.

96.     CMA denies the allegations in Paragraph 99 of the Complaint.

97.     CMA denies the allegations in Paragraph 100 of the Complaint.

## COUNT IV

### ([Alleged] Infringement U.S. Patent No. 10,796,268)

98.     CMA incorporates by reference each of its responses set forth in Paragraphs 1-97 above as if fully set forth herein.

99.     CMA admits that it has been on notice of the '268 Patent since the filing of this Original Complaint.

100.    CMA denies the allegations in Paragraph 103 of the Complaint.

101.    CMA denies the allegations in Paragraph 104 of the Complaint.

102.    CMA denies the allegations in Paragraph 105 of the Complaint.

103.    CMA denies the allegations in Paragraph 106 of the Complaint.

104.    CMA denies the allegations in Paragraph 107 of the Complaint.

105.    CMA denies the allegations in Paragraph 108 of the Complaint.

106.    CMA denies the allegations in Paragraph 109 of the Complaint.

107.    CMA denies the allegations in Paragraph 110 of the Complaint.

108.    CMA denies the allegations in Paragraph 111 of the Complaint.

109.    CMA denies the allegations in Paragraph 112 of the Complaint.

110.    CMA denies the allegations in Paragraph 113 of the Complaint.

111.    CMA denies the allegations in Paragraph 114 of the Complaint.

112.    CMA denies the allegations in Paragraph 115 of the Complaint.

113.    CMA denies the allegations in Paragraph 116 of the Complaint.

## **COUNT V**

## **([Alleged] Infringement U.S. Patent No. 7,253,731)**

114.    CMA incorporates by reference each of its responses set forth in Paragraphs 1-113 above as if fully set forth herein.

115.    CMA admits that it has been on notice of the '731 Patent since the filing of this Original Complaint.

116.    CMA denies the allegations in Paragraph 119 of the Complaint.

117.    CMA denies the allegations in Paragraph 120 of the Complaint.

118.    CMA denies the allegations in Paragraph 121 of the Complaint.

119.    CMA denies the allegations in Paragraph 122 of the Complaint.

120.    CMA denies the allegations in Paragraph 123 of the Complaint.

121.    CMA denies the allegations in Paragraph 124 of the Complaint.

122.    CMA denies the allegations in Paragraph 125 of the Complaint.

123.    CMA denies the allegations in Paragraph 126 of the Complaint.

124.    CMA denies the allegations in Paragraph 127 of the Complaint.

125.    CMA denies the allegations in Paragraph 128 of the Complaint.

126.    CMA denies the allegations in Paragraph 129 of the Complaint.

127.    CMA denies the allegations in Paragraph 130 of the Complaint.

128.    CMA denies the allegations in Paragraph 131 of the Complaint.

129.    CMA denies the allegations in Paragraph 132 of the Complaint.

130.    CMA denies the allegations in Paragraph 133 of the Complaint.

131.    CMA denies the allegations in Paragraph 134 of the Complaint.

132.     CMA denies the allegations in Paragraph 135 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, CMA denies that Plaintiff is entitled to any judgment against CMA and/or an order granting relief in any of the forms requested in parts 1-8.

## [PLAINTIFF'S] JURY DEMAND

Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, CMA denies those allegations.

## CMA'S AFFIRMATIVE DEFENSES

In addition to answering the Complaint, CMA asserts the following affirmative defenses. CMA reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

CMA has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that CMA's actions allegedly infringe the Patents-in-Suit, CMA is

not liable to Plaintiff for the acts alleged to have been performed before CMA received actual notice that it was allegedly infringing the Patents-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that CMA indirectly infringes, either by contributory infringement or inducement of infringement, CMA is not liable to Plaintiff for the acts alleged to have been performed before CMA knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the '109 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by CMA includes: (1) "a shipment conveyance device"; (2) "a receiver;"; (3) "a memory device, wherein the memory device is located in, on, or at, the shipment conveyance device"; (4) "a memory device, wherein the memory device stores information regarding a description of a good, product, or item, being shipped or transported via or which is contained in or on the shipment conveyance device, and origination information, sender information, shipper information, destination information, receiver information, handling instruction information, delivery instruction information, invoice information, packing slip information, delivery time information, or payment instruction information, regarding the shipment conveyance device"; (5) "a global positioning device, wherein the global positioning device is located in, on, or at, the shipment conveyance device"; (6) "further wherein the global positioning device determines a position or location of the shipment conveyance device"; (7) "a processor, wherein the processor generates a message in response to an occurrence of an event, or in response to a request for

information regarding the shipment conveyance device which is automatically received by a receiver, wherein the message contains information regarding a shipment of the shipment conveyance device";  (8) "and information regarding the occurrence of an event, a status of a shipment or a transportation of or involving the shipment conveyance device, a shipment or transportation temperature, or an impact or force on the shipment conveyance device"; (9) "a transmitter, wherein the transmitter is located in, on, or at, the shipment conveyance device, and further wherein the transmitter transmits the message to a communication device associated with an owner of the shipment conveyance device or an individual authorized to receive the message"; and/or (10) "a receiver of the shipment conveyance device, a carrier of the shipment conveyance device, or an individual or entity authorized to receive information regarding the shipment conveyance device or information regarding a shipment or a transportation of or involving the shipment conveyance device," as required by the asserted claims of the Patents-in-Suit.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that CMA infringes under a theory of joint infringement, CMA is not liable to Plaintiff. CMA does not provide or perform each element of any claim of the '109 Patent, and any actions of third parties accused by Plaintiff are not attributable to CMA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff attempted enforcement of the Patents-in-Suit against CMA is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Patents-in-Suit and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Patents-in-Suit that would be broad enough to cover any activity of CMA, either literally or by application of the doctrine of equivalents.

### TWELVETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that CMA infringes the Patents-in-Suit by the use of the accused system in a vessel entering the United States temporarily, CMA is not liable for infringement under 35 U.S.C. § 272.

## CMA'S COUNTERCLAIMS

For its counterclaims against Plaintiff Transcend Shipping Systems LLC's ("Transcend"), Counterclaim Plaintiffs CMA CGM (America) LLC and CMA CGM S.A. (collectively, "CMA") allege as follows:

### PARTIES

1.      Counterclaim Plaintiff CMA CGM S.A. ("CMA S.A.") is a company organized and existing under the laws of France with its principal office with its principal office at Boulevard Jacques Saade, 4 quai d'Arenc 13235 Marseille Cedex 02, France.

2.      Counterclaim Plaintiff CMA CGM (America) LLC ("CMA America") is a limited liability company organized and existing under the laws of the State of New Jersey with its principal office at 5701 Lake Wright Drive, Norfolk, Virginia 23502.

3.      Upon information and belief based solely on paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Transcend Shipping Systems, LLC is organized under the laws of the State of Florida with its principal place of business at 600 S. Dixie Highway, Suite 605, West Palm Beach, Florida 33401.

### JURISDICITON

4.      CMA incorporates by reference paragraphs 1-3 above.

5.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

6.      Transcend has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

7.      Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION REGARDING
## NON-INFRINGEMENT OF U.S. PAT. NO. 10,181,109

8.      CMA incorporates by reference paragraphs 1-7 above.

9.      Based on the filing of this action and at least CMA's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether CMA infringes U.S. Patent No. 10,181,109 (the "'109 Patent").

10.     CMA does not infringe the asserted claims of the '109 Patent because, *inter alia*, the accused system does not include: (1) "a shipment conveyance device, wherein the shipment conveyance device is a shipping container, a pallet, or a piece of luggage"; (2) "a global positioning device, wherein the global positioning device is located in, on, or at, the shipment conveyance device, and further wherein the global positioning device determines a position or location of the shipment conveyance device"; (3) "a processor, wherein the processor generates a message in response to an occurrence of an event, or in response to a request for information regarding the shipment conveyance device which is automatically received by a receiver, wherein the message contains information regarding a shipment of the shipment conveyance device"; and/or (4) "a transmitter, wherein the transmitter is located in, on, or at, the shipment conveyance device, and further wherein the transmitter transmits the message to a communication device associated with an owner of the shipment conveyance device or an individual authorized to receive the message."

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., CMA requests a declaration by the Court that CMA has not infringed and does not infringe any claim of the '109 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II: DECLARATION REGARDING
## INVALIDITY OF U.S. PAT. NO. 10,181,109

12.     CMA incorporates by reference paragraphs 1-11 above.

13.     Based on the filing of this action and at least CMA's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '109 Patent.

14.     The claims of the '109 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 10,152,876, 7,051,212, and 7,642,730. CMA reserves the right to assert additional prior art and/or other invalidity defenses against the '109 Patent in accordance with the Court's Local Patent Rules.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CMA requests a declaration by the Court that claims of the '109 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT III: DECLARATION REGARDING
## NON-INFRINGEMENT OF U.S. PAT. NO. 9,847,029

16.     CMA incorporates by reference paragraphs 1-15 above.

17.     Based on the filing of this action and at least CMA's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether CMA infringes U.S. Patent No. 9,847,029 (the "'029 Patent").

18.     CMA does not infringe the asserted claims of the '920 Patent because, *inter alia*, the accused system does not include: (1) "a shipment conveyance device, wherein the shipment conveyance device is a shipping container, a pallet, or a piece of luggage"; (2) "a global positioning device, wherein the global positioning device is located in, on, or at, the shipment conveyance device, and further wherein the global positioning device determines a position or location of the

shipment conveyance device"; (3) "a processor, wherein the processor processes information regarding the shipment conveyance device in response to an occurrence of an event or in response to a request for information regarding the shipment conveyance device, and further wherein the processor generates a message in response to the occurrence of the event or in response to the request for information regarding the shipment conveyance device"; and/or (4) "a transmitter, wherein the transmitter is located in, on, or at, the shipment conveyance device, and further wherein the transmitter transmits the message to a communication device associated with an owner of the shipment conveyance device, a receiver of the shipment conveyance device, or an individual authorized to receive the message."

19.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CMA requests a declaration by the Court that CMA has not infringed and does not infringe any claim of the '029 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT IV: DECLARATION REGARDING
## INVALIDITY OF U.S. PAT. NO. 9,847,029

20.     CMA incorporates by reference paragraphs 1-19 above.

21.     Based on the filing of this action and at least CMA's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '029 Patent.

22.     The claims of the '029 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 10,152,876, 7,051,212, and

7,642,730. CMA reserves the right to assert additional prior art and/or other invalidity defenses against the '029 Patent in accordance with the Court's Local Patent Rules.

23.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CMA requests a declaration by the Court that claims of the '029 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT V: DECLARATION REGARDING NON-INFRINGEMENT OF U.S. PAT. NO. 7,482,920

24.     CMA incorporates by reference paragraphs 1-23 above.

25.     Based on the filing of this action and at least CMA's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether CMA infringes U.S. Patent No. 7,482,920 (the "'920 Patent").

26.     CMA does not infringe the asserted claims of the '920 Patent because, *inter alia*, the accused system does not include: (1) "a shipment conveyance device, wherein the shipment conveyance device is a shipping container, a pallet, a piece of luggage, or a tote"; (2) "a memory device, wherein the memory device is located in, on, or at, the shipment conveyance device, wherein the memory device stores information regarding a description of a good, product, or item, being shipped or transported via or which is contained in or on the shipment conveyance device, and origination information, sender information, shipper information, destination information, receiver information, handling instruction information, delivery instruction information, invoice information, packing slip information, delivery time information, or payment instruction information, regarding the shipment conveyance device"; (3) "a global positioning device, wherein the global positioning device is located in, on, or at, the shipment conveyance device, and further wherein the global positioning device determines a position or location of the shipment

conveyance device"; (4) "a processing device, wherein the processing device processes information regarding the shipment conveyance device in response to an occurrence of an event or in response to a request for information regarding the shipment conveyance device, wherein the processing device generates a message containing information regarding the position or location of the shipment conveyance device and information regarding the occurrence of an event, a status of a shipment or a transportation of or involving the shipment conveyance device, a shipment or transportation temperature, or an impact or force on the shipment conveyance device"; and/or (5) "a transmitter, wherein the transmitter is located in, on, or at, the shipment conveyance device, wherein the transmitter transmits the message to a communication device associated with an individual or entity, a sender of the shipment conveyance device, a receiver of the shipment conveyance device, a carrier of the shipment conveyance device, or an individual or entity authorized to receive information regarding the shipment conveyance device or information regarding a shipment or a transportation of or involving the shipment conveyance device".

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CMA requests a declaration by the Court that CMA has not infringed and does not infringe any claim of the '920 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT VI: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. 7,482,920

28.     CMA incorporates by reference paragraphs 1-27 above.

29.     Based on the filing of this action and at least CMA's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '920 Patent.

30.     The claims of the '920 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 10,152,876, 7,051,212, and 7,642,730. CMA reserves the right to assert additional prior art and/or other invalidity defenses against the '920 Patent in accordance with the Court's Local Patent Rules.

31.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CMA requests a declaration by the Court that claims of the '920 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT VII: DECLARATION REGARDING NON-INFRINGEMENT OF U.S. PAT. NO. 10,796,268

32.     CMA incorporates by reference paragraphs 1-31 above.

33.     Based on the filing of this action and at least CMA's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether CMA infringes U.S. Patent No. 10,796,268 (the "'268 Patent").

34.     CMA does not infringe the asserted claims of the '029 Patent because, inter alia, the accused system does not: (1) "a shipment conveyance device, wherein the shipment conveyance device is a shipping container, a pallet, or a piece of luggage"; (2) "a receiver"; (3) "a global positioning device, wherein the global positioning device is located in, on, or at, the shipment conveyance device, and further wherein the global positioning device determines a position or location of the shipment conveyance device"; (4) "a processor, wherein the processor generates a message in response to an occurrence of the event or in response to a request for information regarding the shipment conveyance device, wherein the request for information is

automatically received by the receiver, wherein the message contains information regarding a position or location of the shipment conveyance device"; and/or (5) "a transmitter, wherein the transmitter is located in, on, or at, the shipment conveyance device, and further wherein the transmitter transmits the message to a communication device associated with an owner of the shipment conveyance device or an individual authorized to receive the message."

35.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., CMA requests a declaration by the Court that CMA has not infringed and does not infringe any claim of the '268 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT VIII: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. 10,796,268

36.     CMA incorporates by reference paragraphs 1-35 above.

37.     Based on the filing of this action and at least CMA's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '268 Patent.

38.     The claims of the '268 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 10,152,876, 7,051,212, and 7,642,730. CMA reserves the right to assert additional prior art and/or other invalidity defenses against the '268 Patent in accordance with the Court's Local Patent Rules.

39.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CMA requests a declaration by the Court that claims of the '268 Patent are invalid for failure to comply

with one or more of the requirements of United States Code, Title 35, including without limitation,

35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT IX: DECLARATION REGARDING
NON-INFRINGEMENT OF U.S. PAT. NO. 7,253,731**

40.      CMA incorporates by reference paragraphs 1-39 above.

41.      Based on the filing of this action and at least CMA's first affirmative defense, an

actual controversy has arisen and now exists between the parties as to whether CMA infringes U.S.

Patent No. 7,253,731 (the "'731 Patent").

42.      CMA does not infringe the asserted claims of the '731 Patent because, *inter alia*,

the accused system does not include: (1) "a shipment conveyance device, wherein the shipment

conveyance device is associated with a shipment, and further wherein the shipment conveyance

device is at least one of a shipping container, a pallet, and a tote"; (2) "a memory device, wherein

the memory device is located in, on, or at, the shipment conveyance device, wherein information

regarding the shipment is stored in the memory device, and further wherein the information

regarding the shipment includes a description of a good, product, or item, being shipped via the

shipment conveyance device, and at least one of origination information, sender information,

shipper information, destination information, receiver information, handling instruction

information, delivery instruction information, invoice information, packing ship information,

delivery time information, and payment instruction information, regarding the shipment"; (3) "a

global positioning device, wherein the global positioning device is located in, on, or at, the

shipment conveyance device, and further wherein the global positioning device determines a

position or location of the shipment conveyance device"; (4) "a processing device, wherein the

processing device processes at least one of information regarding the shipment and information

regarding the shipment conveyance device in response to an occurrence of an event or in response

to a request for information regarding the shipment or the shipment conveyance device, wherein the processing device generates a message containing information regarding the position or location of the shipment or the shipment conveyance device and information regarding at least one of the occurrence of an event, a status of the shipment, a shipment temperature, and an impact or force on the shipment conveyance device"; and/or (5) "a transmitter, wherein the transmitter is located in, on, or at, the shipment conveyance device, wherein the transmitter transmits the message to a communication device associated with at least one an individual or entity, a sender of the shipment, a receiver of the shipment, a carrier of the shipment, and an individual or entity authorized to receive information regarding the shipment or the shipment conveyance device."

43.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CMA requests a declaration by the Court that CMA has not infringed and does not infringe any claim of the '731 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT X: DECLARATION REGARDING
INVALIDITY OF U.S. PAT. NO. 7,253,731**

44.     CMA incorporates by reference paragraphs 1-43 above.

45.     Based on the filing of this action and at least CMA's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '920 Patent.

46.     The claims of the '731 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 10,152,876, 7,051,212, and

7,642,730. CMA reserves the right to assert additional prior art and/or other invalidity defenses against the '731 Patent in accordance with the Court's Local Patent Rules.

47.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CMA requests a declaration by the Court that claims of the '731 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, CMA asks this Court to enter judgment in CMA's favor and against Transcend by granting the following relief:

a)  a declaration that the Patents-in-Suit are invalid;

b)  a declaration that CMA does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

c)  a declaration that Transcend take nothing by its Complaint;

d)  judgment against Transcend and in favor of CMA;

e)  dismissal of the Complaint with prejudice;

f)  a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to CMA of its costs and attorneys' fees incurred in this action; and

g)  further relief as the Court may deem just and proper.

April 5, 2021

**FISH & RICHARDSON P.C.**

*/s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
Ricardo J. Bonilla
Texas Bar No. 24082704
Noel F. Chakkalakal
Texas Bar No. 24053676
Adil A. Shaikh
Texas Bar No. 24117039

1717 Main Street, Suite 5000
Dallas, Texas 75201
mcnabnay@fr.com
rbonilla@fr.com
chakkalakal@fr.com
shaikh@fr.com

***Attorneys for Defendants***
***CMA CGM (AMERICA) LLC and***
***CMA CGM S.A.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 5, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay
